Filed 3/8/22  In re Thomas J. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re THOMAS J., a Person Coming Under the Juvenile Court Law. | B311519 (Los Angeles County Super. Ct. No. 20CCJP05645) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| GENESIS B., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Annabelle G. Cortez, Judge.  Appeal dismissed.

Konrad S. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, Jacklyn K. Louie, Deputy County Counsel, for Plaintiff and Respondent.

_____

In this dependency case (Welf. & Inst. Code, § 300 et seq.),[1] Genesis B. (Mother) challenges the sufficiency of the evidence supporting the juvenile court's jurisdictional findings against her under section 300, subdivisions (a) and (b) that she engaged in a violent altercation with the father of her five-year-old son, in the child's presence.[2] She also challenges the juvenile court's dispositional orders, including removal of her son from her custody.[3] While this appeal was pending, the juvenile court terminated dependency jurisdiction and awarded Mother and Father joint legal and physical custody of their son.[4] Mother has not appealed from the order terminating jurisdiction and awarding joint custody. As explained below, her appeal challenging the jurisdictional and dispositional findings is moot

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] Jose S. (Father), the father of the child involved in these dependency proceedings, is not a party to this appeal.

[3] It appears the sole basis for Mother's challenge to the juvenile court's dispositional orders is that its jurisdictional findings are not supported by substantial evidence.

[4] The juvenile court did not issue a separate final custody order.

based on this subsequent order, which she has not challenged. Mother has not advanced a valid, nonspeculative reason for us to exercise our discretion to consider this moot appeal, and we dismiss it.

## BACKGROUND

### I. The Family

Mother and Father ended their relationship in 2018 when their son, Thomas J., was around three years old. Thomas lived with Father, and Mother visited Thomas under an informal arrangement. In October 2020, at the time the Los Angeles County Department of Children and Family Services (DCFS) received a domestic violence referral involving this family, Thomas's paternal grandparents had been facilitating the visitation exchanges due to conflict between Mother and Father which had resulted in arguments during visitation exchanges.

### II. Dependency Proceedings

On March 2, 2021, the juvenile court assumed jurisdiction over Thomas based on the following, identical findings, sustained under section 300, subdivisions (a) and (b): "On 10/13/2020, [Mother] engaged [Father] in a violent altercation in the child's presence. The mother bit the father's arm and scratched the father along the father's neck to the father's chest, inflicting injuries to the father's neck. The mother took the father's phone from the father and ran away. The father chased after the mother. The mother sustained bruising to the mother's arm. The mother was arrested for Corporal Injury to Spouse/Cohabitant.[5] Such violent conduct on the part of the mother endangers the

---

[5] The record indicates the prosecution rejected the criminal case against Mother arising from this domestic violence incident.

child's physical health and safety and places the child at risk of serious physical harm, damage, and danger." (Counts a-1 & b-1.)

At disposition, the juvenile court declared Thomas a dependent of the court, removed him from Mother's custody, and placed him in Father's home. The court granted Mother unmonitored visitation, with a third party to facilitate the exchange of the child. The court ordered Mother and Father to each participate in individual counseling to address case issues, including high-conflict parenting. Mother's case plan also required her to complete a separate parenting program.

## III.   Appeal and Termination of Dependency Jurisdiction

Mother appealed from the disposition order, challenging the sufficiency of the evidence supporting the jurisdictional findings against her. She argues (1) the "finding under section 300, subdivision (a) is unsupportable" because it involves "a single incident of domestic violence" where Thomas was not physically harmed and "was never directly in harm's way"; and (2) the finding under section 300, subdivision (b) is unsupportable because there was no risk of harm to Thomas at the time of the adjudication hearing.

On December 6, 2021, during pendency of this appeal, the juvenile court terminated dependency jurisdiction in this matter and awarded Mother and Father joint legal and physical custody of Thomas. As set forth in the juvenile court's December 6, 2021 minute order, the court found no "need for a [separate] juvenile custody order." On December 21, 2021, we granted DCFS's request for judicial notice of the juvenile court's December 6, 2021 minute order. Mother's time to appeal from the juvenile court's order terminating dependency jurisdiction and awarding custody

4

has expired, and she has not filed a notice of appeal from the December 6, 2021 order.

Although DCFS alerted this court to the juvenile court's termination of dependency jurisdiction in the respondent's brief, DCFS did not argue in the respondent's brief that Mother's appeal is moot. Nonetheless, Mother devoted the entirety of her reply brief on appeal to her argument that her appeal is not moot in light of the termination of dependency jurisdiction because (1) she may in the future have a minor relative involved in the dependency system who needs an out-of-home placement, and the jurisdictional findings at issue may preclude her from serving as such a placement; and (2) the jurisdictional findings subject her to registration in the Child Abuse Central Index (CACI) under the Child Abuse and Neglect Reporting Act (CANRA). (Pen. Code, § 11164 et seq.)

On February 23, 2022, we requested the parties file supplemental briefing, and any accompanying requests for judicial notice, addressing (1) whether DCFS has reported Mother to the Department of Justice (DOJ) for inclusion in CACI based on the conduct described in the jurisdictional findings at issue in this appeal; and (2) if not, whether DCFS may in the future report Mother to DOJ for inclusion in CACI based on the conduct described in the jurisdictional findings at issue in this appeal. Mother's appellate counsel stated in a February 28, 2022 supplemental letter brief that he "was unable to ascertain either from trial counsel or Mother" the answer to the questions this court posed in the February 23, 2022 inquiry.

On February 28, 2022, DCFS filed a request for judicial notice/motion to receive additional evidence on appeal, submitting to this court (1) DCFS's Policy No. 0070-548.17,

5

"Completion and Submission of the BCIA [Bureau of Criminal Information and Analysis] 8583 Child Abuse or Severe Neglect Indexing Form 1"; and (2) a declaration from the emergency response supervising social worker assigned to the referral regarding the October 13, 2020 domestic violence incident involving Mother, Father, and Thomas. Policy No. 0070-548.17 states in pertinent part that DCFS will report a parent to DOJ within five days of making a substantiated finding of *severe* neglect, but it will not report a parent to DOJ based on a substantiated finding of *general* neglect. The emergency response supervising social worker's declaration states in pertinent part that DCFS made a substantiated finding of *general* neglect of Thomas by Mother based on the October 2020 domestic violence incident; and the general neglect substantiated finding does not qualify for reporting to DOJ under DCFS policy. DCFS stated in its February 28, 2022 letter brief accompanying its request for judicial notice that under DCFS's policy, there was and is no basis for DCFS to report Mother to DOJ for inclusion in CACI. DCFS argued Mother's appeal is moot.

We grant DCFS's unopposed February 28, 2022 request for judicial notice/motion to receive additional evidence on appeal. Mother asks us to review her challenge to the jurisdictional findings on the merits based in part on her assertion the findings subject her to inclusion in CACI, and such inclusion may prejudice her in the future. DCFS submitted documents to rebut Mother's assertion by demonstrating it did not report Mother to DOJ for inclusion in CACI and has no basis to do so under DCFS policy.

6

## DISCUSSION

"A question becomes moot when, pending an appeal from a judgment of a trial court, events transpire which prevent the appellate court from granting any effectual relief." (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566.) " 'A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' " (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404; *In re N.S.* (2016) 245 Cal.App.4th 53, 60 ["the critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error"].) Generally, an order terminating juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot where the appellate court cannot provide effective relief. (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488.) "[D]ismissal for mootness in such circumstances is not automatic, but 'must be decided on a case-by-case basis.' " (*Ibid.*)

The juvenile court's December 6, 2021 order has already provided Mother the relief she seeks on appeal—termination of juvenile court jurisdiction and legal and physical custody over Thomas (jointly with Father)—and we thus cannot grant Mother effective relief through her appeal. We may exercise our discretion to hear an otherwise moot appeal, however, where the asserted " 'error infects the outcome of subsequent proceedings,' " including "the possibility of prejudice in subsequent [dependency or] family law proceedings." (*In re C.C.*, *supra*, 172 Cal.App.4th at pp. 1488-1489.)

Mother does not argue the jurisdictional findings will impact her in future dependency or family court proceedings involving Thomas. Instead, she argues she may in the future have a minor relative involved in the dependency system who

7

needs an out-of-home placement, and the jurisdictional findings at issue may preclude her from serving as such a placement. She cites section 361.3, subdivision (a)(5), which provides that in considering the appropriateness of a relative placement, the social worker must consider, among other factors, the "good moral character of the relative and any other adult living in the home, including whether any individual residing in the home has a prior history of violent criminal acts or has been responsible for acts of child abuse or neglect." As stated in her reply brief on appeal: "Mother does not claim she presently has relatives that might be subject to placement under section 361.3." We will not exercise our discretion to hear the merits of Mother's moot appeal based on hypothetical future dependency proceedings involving unspecified minor relatives whose parents may or may not call on Mother to serve as a relative placement at some point in the future.

Mother next argues we should review her challenge to the jurisdictional findings because the findings subject her to registration in CACI. Mother offers no factual or legal support for her argument.

CANRA requires DCFS to "forward to [DOJ] a report in writing of every case it investigates of known or suspected child abuse or *severe* neglect that is determined [by the agency] to be substantiated." (Pen. Code, § 11169, subd. (a), italics added.) As set forth above, DCFS policy requires it to provide such written notice to DOJ within five days of the DCFS determination triggering the reporting responsibility. CANRA further requires that "[a]t the time an agency . . . forwards a report in writing to [DOJ]," the agency must "also notify in writing the known or suspected child abuser that he or she has been reported" to DOJ

8

for inclusion in CACI.  (Pen. Code, § 11169, subd. (c).)  If DCFS makes such a report to DOJ, a juvenile court's jurisdictional finding based on the same conduct set forth in the report precludes the parent from challenging his or her inclusion in CACI at a hearing contemplated under Penal Code section 11169. (Pen. Code, § 11169, subds. (d)-(e).)

In fall 2020, DCFS made a substantiated finding of general neglect of Thomas by Mother.  CANRA and DCFS policy do not provide a basis for DCFS to report a finding of general neglect to DOJ for inclusion in CACI.  If DCFS had made a report to DOJ, Mother would have received the notice required by statute (CANRA) in fall 2020.  Mother has not indicated she received such a notice.  Thus, Mother's assertion she may be subject to registration in CACI unless she successfully challenges the jurisdictional findings is not supported in fact or law.  Even if we denied DCFS's February 28, 2022 request for judicial notice/motion to receive additional evidence on appeal, Mother has provided no factual or legal basis for her assertion she may be subject to inclusion in CACI.

Mother has not advanced any valid or nonspeculative reason for us to exercise our discretion to consider this moot appeal, and we decline to do so.  (See *In re I.A.* (2011) 201 Cal.App.4th 1484, 1493 ["Father has not suggested a single specific legal or practical consequence from this [jurisdictional] finding, either within or outside the dependency proceedings" that would warrant exercising the court's discretion to consider the challenge to the jurisdictional finding].)

9

**DISPOSITION**

The appeal is dismissed as moot.

NOT TO BE PUBLISHED

                                              CHANEY, J.

We concur:


         BENDIX, Acting P. J.


         CRANDALL, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.